UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

HENRY ROGERS

Plaintiff,

22-CV

-vs-

WAYNE WESTLAND FEDERAL CREDIT UNION,
and
BUTLER ROWSE-OBERLE PLLC,
and,
ELIZABETH K. BUTLER,

Defendants.

_____/

Adam S. Alexander (P53584)
The Alexander Law Firm
Attorney for Plaintiffs
17200 W. 10 Mile Rd Ste 200
Southfield, MI 48075
248-246-6353
adalesq@gmail.com

_____/

*Henry Rogers states the following claims for relief:*

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

**PARTIES**

1.      Plaintiff Harry Rogers, ("Mr. Rogers" or "Plaintiff"), is an individual residing in Detroit, Michigan.

2.      Plaintiff is a consumer as defined by the Fair Debt Collection Practices

1

Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(2).

3.     The "debt" in this case is personal auto loan, and arises out of transactions entered primarily for personal, family, or household purposes.

4.     Defendant Wayne Westland Federal Credit Union, ("WWFCU"), is in the business of providing "financial services" to their members, with its main office located in Westland Michigan.

5.     Defendant Butler Rouse-Oberle PLLC., ("BRO"), is a law firm specializing, in part, in "collection services" including the filing of debt collection lawsuits against individuals and consumers, with its main office located in St. Clair Shores, Michigan.

6.     Defendant Elizabeth K. Butler, ("Ms. Butler"), is licensed attorney, an employee of BRO, and is a debt collector who was personally involved with the collection of a debt, and regularly attempts to collect debts, either directly or indirectly, in her capacity and employment with BRO.

7.     WWFCU is a "debt collector" and/or "regulated person" as defined by the Michigan's Collection Practices Act, Mich. Comp. Law § 445.251, et seq., and/or the Michigan Occupational Code, MCL § 339.901, et seq.

8.     BRO and Ms. Butler are "debt collectors" under the FDCPA, 15 U.S.C. §1692k(6), and "debt collectors" and/or "regulated persons" as defined by the Michigan's Collection Practices Act, Mich. Comp. Law § 445.251, et seq., specifically

2

Mich. Comp. Law § 445.251(g)(xi), and/or the Michigan Occupational Code, MCL § 339.901, et seq.

## JURISDICTION

9.      This lawsuit is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. This court has original jurisdiction over these federal law claims. Jurisdiction of this Court arises under 28 U.S. Code § 1331. The lawsuit is also brought pursuant to the Michigan Collection Practices Act, M.C.L. §445.251, et seq., the Michigan Occupational Code, MCL § 339.901, et seq. and common law; the court has concurrent jurisdiction under these State claims. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue in this Court is proper in that the Property at issue is located in Detroit, Wayne County.

## GENERAL ALLEGATIONS

11.     On December 18, 2020 WWFCU filed a claim and delivery/breach of contract lawsuit in Wayne County Circuit Court against Mr. Rogers in connection to a defaulted auto loan on a 2016 Cadillac Escalade, VIN1GYS4HKJ2GR310295. WWFCU was represented by BRO and Ms. Butler in the above-referenced lawsuit.

12.     After some negotiation between the parties, a consent judgment was entered, whereby the parties agreed and the Court ordered, in pertinent part:

IT IS FURTHER ORDERED that Defendant shall pay FOUR HUNDRED NINETY-THREE and 33/100ths ($493.33) DOLLARS each month commencing February 8, 2021, and due on the 8TH of each month thereafter until the judgment, plus interest, is paid in full.

IT IS FURTHER ORDERED that Defendant shall retain possession of the 2016 CADILLAC ESCALADE, VIN 1GYS4HKJ2GR310295, ("the Collateral") as long as payments are current.

See unsigned Consent Judgment - **Exhibit A**

13.     Mr. Rogers, the Defendant in the above lawsuit, complied with the Order, and made payments in the amount of 493.33 on time, as follows:

The 1st payment was made on Feb. 3, 2021. This was the February payment.

The 2nd payment on March 4, 2021. This was the March payment.

The 3rd payment on March 11, 2021. This was the April payment.

The 4th payment on April 8, 2021. This was the May payment.

The 5th payment on June 6, 2021. This was the June payment.

See **Exhibit B** - Transaction Summary

14.     Despite the timely payments referenced above, Defendants filed a Motion for Possession in June of 2021 based, in part, on the affidavit of Ms. Butler that asserted Mr. Rogers "failed to remit payments to Plaintiff as agreed."

15.     Ms. Butler filed with the Court, a signed and notarized amended affidavit of non-compliant on June 30, 2021. See **Exhibit C**.

4

16.     This modified affidavit and subsequent written and oral argument offered to the Wayne County Circuit Court by Defendants, in the effort to secure Judgment and take Mr. Roger's property are partially false, and violate the law as detailed below.

17.     Defendants were able to schedule a possession hearing on July 19, 2021 based on the misrepresentations contained in the modified affidavit and renewed Motion for Possession.

18.     On September 28, 2021, Mr. Roger's 2016 Cadillac Escalade was taken without his consent, by Defendants.

19.     Defendants' also secured an Order to Seize property owned by Mr. Rogers, from the Wayne County Circuit Court, based on the false statements and misrepresentations referenced above.

20.     On September 9, 2021, a separate vehicle, a 2015 Chevy Impala VIN 2G11159L1F9159543, ("the Impala"), owned by Mr. Rogers was taken without his consent.

21.     The Impala was not secured or liened by WWFCU, and was financed through Credit Acceptance Corporation. Upon information and belief, Credit Acceptance Corporation did not repossess the Impala.

22.     Upon information and belief, Defendants also wrongfully seized the Impala, based on their misrepresentations made to the Wayne County Circuit Court.

23.     Mr. Rogers was reasonably shocked by the seizure of the above reference vehicles, given his timely payments, and he immediately attempted to get his vehicles back by calling WWFCU, and by calling and emailing Ms. Butler directly.

24.     Mr. Rogers objected to the seizures, and specifically explained in writing to Ms. Butler on September 29, 2021,  that he was current on his monthly payments and that his vehicles should not have been seized. His complaints were largely ignored by Ms. Butler.

25.     Despite the misrepresentations and property seizures referenced above, Mr. Rogers kept making timely payments through October of 2021:

The 6th payment was made on June 30, 2021. This was the July payment.

The 7th payment on August 6, 2021. This was the August payment.

The 8th payment on August 17, 2021. This was the September payment.

The 9th payment on September 9, 2021. This was the October payment.

**Exhibit B**

26.     Mr. Rogers stopped making payments after it was clear to him that making timely payments would not help him save his property, and otherwise decided that he was being treated unfairly.

27.     In connection with the wrongful taking of the above referenced property, Mr. Rogers incurred repossession costs of $1,170, title costs of $47.00, repair charges

of $275.00, clean-up costs of $35.00, and a reclamation cost of $625.00.

28.     Moreover, Mr. Rogers lost the use of multiple motor vehicles, and suffered emotional distress, personal humiliation, embarrassment, and mental anguish.

29.     On February 15, 2022, Mr. Roger's 2016 GMC Yukon Denali VIN 1GKS2AKC6GR411512 was taken without his consent, by Defendants.

30.     Also on February 15, 2022, Mr. Rogers suffered constructive conversion of his Mercedes Benz S550 VIN WDDNG86X68A199829, as Defendants forcibly took his keys and title to the vehicle.

31.     Plaintiff asserts the taking of these additional vehicles also violates the law as detailed below.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (AGAINST DEFENDANTS BRO AND MS. BUTLER ONLY)

32.     Plaintiff incorporates the preceding allegations by reference.

33.     Defendants have engaged in violations of the FDCPA including, but not limited to the following:

a. Using false, misleading or unfair methods to collect a debt(s), in violation of 15 U.S.C. §1692e.

b. Making false representations of:

The character, amount, or legal status of a debt(s); or b) any service rendered or compensation which may be lawfully received by Defendants for the collection

of the debt(s), in violation of U.S.C. §1692e(2).

c. Using false representations or deceptive means to collect or attempt to collect debt(s) or to obtain information concerning Plaintiff, in violation of U.S.C. §1692e(10).

d. Using unfair or unconscionable means to collect or attempt to collect debt(s), in violation of the general prohibition in U.S.C., including, but not limited to attempting to collect of amounts not expressly authorized by the agreement creating the debt or permitted by law, §1692f(1).

e. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if - (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest , §1692(g).

34. Plaintiff has suffered damages as a result of Defendants' violations of the FDCPA.

## COUNT II – MICHIGAN OCCUPATIONAL CODE, As alternative to claims under the Michigan Collection Practices Act (AGAINST ALL DEFENDANTS)

35. Plaintiff incorporates the preceding allegations by reference.

36. Each defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

37. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

38. Each defendant's actions to collect from Plaintiff violated the MOC, including, but not limited to, the following: M.C.L. §§ 339.915 and 339.918.

39. Plaintiff suffered damages as a result of these violations of the MOC.

40. These violations of the MOC were willful.

## COUNT III – MICHIGAN COLLECTION PRACTICES ACT, as alternative to claims under the Michigan Occupational Code (AGAINST All DEFENDANTS)

41. Plaintiff incorporates the preceding allegations by reference.

42. Each Defendant is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

43. Each Defendant's actions to collect from Plaintiff violated the MCPA at M.C.L. § 445.251, and M.C.L. § 445.252, including but not limited to misrepresenting in a communication with a debtor 1 or more of the following in violation of MCL §445.251(f):

i. The legal status of a legal action being taken or threatened;

ii. The legal rights of the creditor or debtor;

as well as failing to implement a procedure designed to prevent a violation by an employee, and using harassing, oppressive or abusive methods to collect a debt in violation of MCL §445.252(n):

44. Plaintiff suffered damages as a result of these violations of the MCPA.

45. These violations of the MCPA were willful.

46. Plaintiffs suffered damages as a result of Defendants' violations of the Michigan Collection Practices Act.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - (AGAINST ALL DEFENDANTS)

47.    Plaintiff incorporates the preceding allegations by reference.

48.    The conduct of Defendants detailed above constituted extreme and outrageous conduct, including but not limited to the representations and property seizures referenced above.

49.    Defendants acted with reckless disregard of the possible consequences to Plaintiff.

50.    The conduct of Defendants directly and proximately caused emotional distress to the Plaintiff.

51.    Plaintiff has suffered damages as a result of the conduct of Defendants.

## COUNT V – NEGLIGENCE (AGAINST DEFENDANT WWFCU ONLY)

52.    Plaintiff incorporates the preceding allegations by reference.

53.    Defendant WWFCU had a duty to refrain from premature, wrongful, and/or illegal property seizure and perform duties as a lender, without carelessness, incompetence or indifference and at a level commensurate with industry standards.

54.    Plaintiff advised WWFCU that the property seizure was unfair, wrongful and illegal, and Plaintiff pleaded with them to stop the process.

55.    Despite the requests, WWFCU wrongfully ignored Plaintiff and proceeded with their seizures.

10

56.   WWFCU breached their duty by following through with the illegal and wrongful seizures as outlined in the allegations above.

57.   WWFCU also had a duty to properly maintain Plaintiff's account, to properly and accurately update the status of timely payments and to refrain from premature, wrongful, and/or illegal seizures without carelessness, incompetence or indifference and at a level commensurate with industry standards.

58.   WWFCU knew or should have known that Plaintiff made timely payments in connection with the Consent Order.

59.   WWFCU's mistakes regarding the accuracy of Plaintiff's account resulted in money damages, unlawful and unfair fees, and premature and illegal seizure of Plaintiff's property.

60.   WWFCU breached their duties by failing to properly review the account for mistakes and wrongfully ordered an illegal and wrongful seizure of Plaintiff's property as outlined in the allegations above.

61.   WWFCU's actions and omissions in breach of the aforementioned duties represent negligence and have caused Plaintiff damages, including emotional distress, stress, worry, humiliation, and embarrassment.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, in whatever amount Plaintiff is found to be entitled, together with statutory damages, interest, costs and reasonable attorney fees as provided by law.

## COUNT II – STATUTORY CONVERSION, MCL 600.2919a
### (AGAINST DEFENDANT WWFCU ONLY)

62.    Plaintiff incorporates the preceding allegations by reference.

63.    During the course of this events alleged above, Defendant came into possession Plaintiff's property, (the vehicles referenced above), without Plaintiff's consent and by false pretenses.

64.    Under MCL 600.2919a(1)a, converting property to the other person's own use is unlawful.

65.    Defendant has wrongfully, and without permission of Plaintiff, exerted dominion over the aforementioned vehicles and converted them to their own use by selling them prematurely for proceeds.

66.    Defendant converted the subject vehicle to their own use intentionally and willfully.

67.    A person damaged as a result statutory conversion may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees, (MCL 600.2919a(1).

WHEREFORE, Plaintiff prays for Judgment against Defendants, in whatever amount Plaintiff is found to be entitled, as well as statutory trebling of the damage award pursuant to this statute, together with statutory damages,

12

interest, costs and reasonable attorney fees as provided by law.

## COUNT III
## COMMON LAW CONVERSION
## (AGAINST DEFENDANT WWFCU ONLY)

68.    Plaintiff incorporates the preceding allegations by reference.

69.    The above-described actions by Defendant constitutes a conversion under the common law of this State.

70.    As a result of this conversion Plaintiff suffered total damages in the amount of the value of the subject vehicle at the time of conversion, plus incidental and consequential damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in whatever amount Plaintiff is found to be entitled, plus interest, costs and reasonable attorney fees, in an amount less than $25,000.

## DEMAND FOR JUDGMENT AND RELIEF

71.    WHEREFORE, Plaintiff seeks Judgment against Defendants for:

a. Statutory, actual and treble damages in accordance with MCL §445.251, et seq., and M.C.L. § 339.901(b).

b. Actual damages including damage to reputation, embarrassment and emotion distress in accordance with 15 U.S.C. § 1692k(a)(1);

c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

d. Statutory costs and attorney fees in accordance with 15 U.S.C. §

13

1692k(a)(3);

e. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury.

Respectfully Submitted,


By: /S/ ADAM S. ALEXANDER
Adam S. Alexander (P53584)
The Alexander Law Firm
Attorney for Plaintiffs
17200 W. 10 Mile Rd Ste 200
Southfield, MI 48075
248-246-6353
adalesq@gmail.com

June 29, 2022

EXHIBIT "A"

# EXHIBIT "A"

**STATE OF MICHIGAN**
**IN THE 3RD JUDICIAL CIRCUIT COURT**

**WAYNE WESTLAND FEDERAL CREDIT UNION,**
      a Federally Chartered Credit Union,
      Plaintiff,

vs.

                                      Case No. 20-016465-PD
                                      Hon. Dana Margaret Hathaway

**HARRY G. ROGERS,**
      Defendant.

| | |
|---|---|
| JOHN W. BUTLER (P33908) | HARRY G. ROGERS |
| ELIZABETH K. BUTLER (P80956) | Defendant in Pro Per |
| Butler Rowse-Oberle PLLC | 9226 Faust Ave. |
| Attorney for Plaintiff | Detroit, MI  48228 |
| 24525 Harper Ave. | |
| St. Clair Shores, MI  48080 | |
| (586) 777-0770 | |

                                                                                     /

**CONSENT JUDGMENT**

Pursuant to the Complaint filed by Plaintiff, with the Complaint served upon Defendant, the parties agreeing to entry of this Consent Judgment, and this Court being fully advised in the premises:

IT IS ORDERED that a Consent Judgment is entered for Plaintiff, WAYNE WESTLAND FEDERAL CREDIT UNION, against Defendant, HARRY G. ROGERS, for FORTY THOUSAND FIVE HUNDRED THIRTY-TWO and 29/100ths ($40,532.29) DOLLARS, itemized as follows:

| | | |
|---|---|---|
| Damages: | $ | 34,657.04 |
| CPI | $ | 5,590.00* |
| Costs: | $ | 210.25** |
| Attorney Fee: | $ | 75.00 |
| Total: | $ | 40,532.29 |

*CPI-Collateral Protection Insurance added on December 18, 2020.
** Filing $180.25, $30.00 service.

Interest = $220.76
Calculated Interest at the rate of 3.75% from November 25, 2020, to January 26, 2021.

IT IS FURTHER ORDERED that Defendant shall pay FOUR HUNDRED NINETY-THREE and 33/100ths ($493.33) DOLLARS each month commencing February 8, 2021, and due on the 8TH of each month thereafter until the judgment, plus interest, is paid in full.

IT IS FURTHER ORDERED that Defendant shall retain possession of the 2016 CADILLAC ESCALADE, VIN 1GYS4HKJ2GR310295, ("the Collateral") as long as payments are current.

IT IS FURTHER ORDERED that Defendant shall carry full coverage insurance on the Collateral until the balance owed on said Collateral is below TWO THOUSAND DOLLARS and 00/100 ($2,000.00).

IT IS FURTHER ORDERED that, upon breach of one payment, and/or failure to maintain full coverage insurance on said Collateral, Plaintiff's attorney may execute an affidavit of said breach setting aside the payment arrangements and allowing post-judgment action to commence without a court hearing, and an Order granting Plaintiff immediate possession of the collateral will be entered.

_____
ELIZABETH K. BUTLER (P80956)
Attorney for Plaintiff

_____
HARRY G. RODGERS
Defendant in Pro Per

Date: _____

_____
CIRCUIT COURT JUDGE

This judgment resolves the last pending claim in the above case and closes the case.

EXHIBIT "B"

# EXHIBIT "B"

Case 2:22-cv-11475-NGE-CI   ECF No. 1, PageID.19   Filed 06/29/22   Page 19 of 19

| Post Date | ID | Eff Date | Transaction | Trans Amt | Balance Chg | Int/Pnlty | Fees | New Balance | Description | Prev Available |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | ECM Payment 09/09/2021 AG0E4FC75EBE | | | | | | | |
| 09/09/2021 | L 0110 | 09/09/2021 | Payment | 493.33 | -415.92 | 77.41 | 0.00 | 32,343.29 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 08/17/2021 AP0E6C737CFF | | | | | | | |
| 08/17/2021 | L 0110 | 08/17/2021 | Payment | 493.33 | -455.79 | 37.54 | 0.00 | 32,759.21 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 08/06/2021 AA1E4F4F39A8 | | | | | | | |
| 08/06/2021 | L 0110 | 08/06/2021 | Payment | 493.33 | -330.81 | 127.52 | 35.00 | 33,215.00 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 06/30/2021 AK1E8DD36F42 | | | | | | | |
| 06/30/2021 | L 0110 | 06/30/2021 | Payment | 493.33 | -364.26 | 94.07 | 35.00 | 33,545.81 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 06/03/2021 AY1E3F27ABAA | | | | | | | |
| 06/03/2021 | L 0110 | 06/03/2021 | Payment | 493.33 | -261.73 | 196.60 | 35.00 | 33,910.07 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 04/08/2021 AE1E3E2A2238 | | | | | | | |
| 04/08/2021 | L 0110 | 04/08/2021 | Payment | 493.33 | -393.89 | 99.44 | 0.00 | 34,171.80 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 03/11/2021 AP0E6A249758 | | | | | | | |
| 03/11/2021 | L 0110 | 03/11/2021 | Payment | 493.33 | -468.13 | 25.20 | 0.00 | 34,565.69 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 03/04/2021 AJ1E3D83DCBE | | | | | | | |
| 03/04/2021 | L 0110 | 03/04/2021 | Payment | 493.33 | -342.79 | 115.54 | 35.00 | 35,033.82 | SWBC ECM Post | 0.00 |
| | | | CPI PART REFUND | | | | | | | |
| 03/01/2021 | L 0110 | 03/01/2021 | Principal Pay... | 3,798.00 | -3,798.00 | 0.00 | 0.00 | 35,376.61 | | 0.00 |
| | | | ECM Payment 02/03/2021 AM1E3B5D9C4D | | | | | | | |
| 02/03/2021 | L 0110 | 02/03/2021 | Payment | 493.33 | -373.00 | 85.33 | 35.00 | 39,174.61 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 01/13/2021 AN1E3B69543A | | | | | | | |
| | | | %% PartialPmt 494.00 to 0.00 | | | | | | | |
| 01/13/2021 | L 0110 | 01/13/2021 | Payment | 465.33 | -405.70 | 24.63 | 35.00 | 39,547.61 | SWBC ECM Post | 0.00 |
| | | | DROPPED OFF- COLLECTIONS BREE | | | | | | | |
| | | | %% PartialPmt 0.67 to 494.00 | | | | | | | |
| 01/07/2021 | L 0110 | 01/07/2021 | Check Paym... | 493.33 | -293.73 | 164.60 | 35.00 | 39,953.31 | | 0.00 |
| | | | COLLATERAL PROTECTION ADDED | | | | | | | |
| 12/18/2020 | L 0110 | 12/18/2020 | Advance | 5,590.00 | 5,590.00 | 0.00 | 0.00 | 40,247.04 | | 0.00 |
| | | | ECM Payment 11/25/2020 AE1E3B9B3206 | | | | | | | |
| 11/25/2020 | L 0110 | 11/25/2020 | Payment | 493.33 | -339.68 | 118.65 | 35.00 | 34,657.04 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 10/23/2020 AM1E2F6CAFBE | | | | | | | |
| | | | %% PartialPmt 0.00 to 0.67 | | | | | | | |
| 10/23/2020 | L 0110 | 10/23/2020 | Payment | 494.00 | -392.20 | 101.80 | 0.00 | 34,996.72 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 09/25/2020 AH1E2FF49D53 | | | | | | | |
| 09/25/2020 | L 0110 | 09/25/2020 | Payment | 493.33 | -329.89 | 128.44 | 35.00 | 35,388.92 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 08/21/2020 AY1E2FB629DA | | | | | | | |
| 08/21/2020 | L 0110 | 08/21/2020 | Payment | 493.33 | -407.96 | 85.37 | 0.00 | 35,718.81 | SWBC ECM Post | 0.00 |
| | | | ECM Payment 07/29/2020 AC1E2F119756 | | | | | | | |
| 07/29/2020 | L 0110 | 07/29/2020 | Payment | 493.33 | -267.63 | 190.70 | 35.00 | 36,126.77 | SWBC ECM Post | 0.00 |
| | | | Check 02 56993 Disbursed 35,919.40 | | | | | | | |
| 06/08/2020 | L 0110 | 06/08/2020 | Check New L... | 36,394.40 | 36,394.40 | 0.00 | 0.00 | 36,394.40 | | 0.00 |